DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bank of America, N.A., | ) |
|     Appellant, | ) CASE NO. 5:09 CV 2520 |
| v. | ) BANKRUPTCY COURT LEAD CASE NO. 08-54674 |
| Harold Corzin, Trustee, | ) BANKRUPTCY COURT ADVERSARY CASE NO. 09-5034 |
|     Appellee. | ) MEMORANDUM OPINION |

In this bankruptcy appeal, the Appellant Bank of America, N.A. ("Bank of America") appeals from the Judgment Entry filed September 10, 2009 in *In re Bergman, et al., Debtors, Corzin, Trustee, Plaintiff v. Bank of America N.A., et al., Defendants,* Lead Case No. 08-54674, Adversary Case No. 09-5034, U.S. Bankruptcy Court, N.D. Ohio (ECF 36 under Adversary Case No. 09-5034). Bank of America appeals the bankruptcy court's grant of summary judgment to the Trustee allowing the Trustee to avoid Bank of America's mortgage on the debtors' real property. The avoidance was allowed pursuant to the Bankruptcy Code's "strong arm clause" found at 11 U.S.C. § 544(a)(3), which states:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> \*\*\*\*
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(5:09 CV 2520)

For the reasons that follow, the judgment below is affirmed.

## I. FACTS

A.  Procedural History:

On December 19, 2008, Debtors John J. Bergman and Shelly E. Bergman ("Debtors") filed a petition seeking relief under Chapter 7 of Title 11 of the United States Code (the "Debtors' Case"), and relief was ordered on that date in Case No. 08-54674, Bankr. N.D. Ohio. On March 5, 2009, Harold A. Corzin, Trustee of the Debtors' Estate (the "Trustee"), initiated an adversary proceeding (Case No. 09-5034) by filing a Complaint against Bank of America; the Debtors; and defendant creditors CitiFinancial, Inc. (which holds a second mortgage upon the Real Property) ("CitiFinancial") and John A. Donofrio as Fiscal Officer of Summit County ("Summit County").[1] The Trustee sought an order (1) allowing the Trustee to avoid a mortgage granted on Debtors' real property located at 67 Schaefer Street, Akron, Ohio 44311 (the "Real Property") to Argent Mortgage Company, LLC and eventually assigned to Bank of America as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I, LLC, Asset Backed-Certificates Series 2006-HE2 (the "Mortgage"); and (2) requiring the named defendants to assert whatever interests they may have in the Real Property.

Following execution of service upon all named defendants, Answers were separately filed by the creditor defendants (*See* Adversary Case Docket at ECF 15, 17, 18);[2] and shortly

---

[1] From the Court's review of the bankruptcy court's docket, it appears there are no creditors other than Bank of America, CitiFinancial, and Summit County.

[2] The Debtors did not answer or otherwise plead to the Complaint; and on April 13, 2009 the Trustee filed a motion for default judgment against them.

2

(5:09 CV 2520)

thereafter the court approved and entered an Agreed Partial Judgment Entry As Relates to the Liens of Summit County and CitiFinancial, Inc. *Id*. at ECF 21. In that Entry, the parties agreed that Summit County has a first and best lien for real estate taxes, and that:

> If the mortgage of Bank of America is determined to be properly executed pursuant to further order(s) of this Court, then the mortgage of CitiFinancial is junior in priority to the mortgage of Bank of America. If the mortgage of Bank of America is determined to be improperly executed by reason of a defective notary acknowledgment, then the mortgage of CitiFinancial is senior in priority to any lien or claim of Bank of America.

*Id.* at ¶ 5.

On April 23, 2009, the Trustee and Bank of America filed Joint Stipulations with three exhibits consisting of copies of the subject Mortgage and subsequent assignments of same. The first (pre-bankruptcy petition) assignment ("Assignment I") was from Argent Mortgage Company (the original mortgagee) to Mortgage Electronic Registration Systems ("MERS"). It was executed on or about August 1, 2005 and recorded on January 17, 2007. The second (post-bankruptcy petition) assignment ("Assignment II") was from MERS to Bank of America and was executed and recorded in February of 2009.

On June 19, 2009, the Trustee filed a Motion for Summary Judgment (ECF 27) [3] ; Bank of America responded (ECF 29); and the Trustee replied (ECF 30). In addition, in response to the court's request (ECF 31), the Trustee and Bank of America filed supplemental briefs in support of their respective positions. ECF 33, 34. On September 10, 2009, the court filed a memorandum opinion and judgment entry granting the Trustee's motion for summary judgment.

---

[3] Unless otherwise noted, all ECF references are to the docket in Adversary Case No. 09-5034.

3

(5:09 CV 2520)

ECF 35, 36. On September 21, 2009, Bank of America filed a timely notice of appeal together with a statement of election to the district court. ECF 38, 39.

B.     Stipulated Facts:

As noted by the bankruptcy court, the following facts are not in dispute and are the subject of the Joint Stipulations filed by the Trustee and Bank of America (*See* ECF 26):

1.     The Trustee's claims in the adversary proceeding are within the core matter jurisdiction of the Bankruptcy Court. *See* 28 U.S.C. § 157(b)(2)(A), (K) and (O); and 28 U.S.C. § 1334.

2.     On December 19, 2008, Debtors John J. Bergman and Shelly E. Bergman ("Debtors") filed a petition seeking relief under Chapter 7 of Title 11 of the United States Code (the "Debtors' Case"), and relief was ordered on that date.

3.     The Plaintiff in the adversary proceeding is the Trustee in Bankruptcy for the Debtors.

4.     At the time of the commencement of the Debtors' Case, the Debtors were the joint owners of certain real property located at 67 Schaefer Street, Akron, Ohio 44311 (Permanent Parcel No. 68-38822) and more fully described in Schedule C to the mortgage described below (the "Real Property").

5.     Attached as Exhibit A to the Stipulations is an authentic and admissible copy of a mortgage of record on the Real Property granted to Argent Mortgage Company, LLC, dated July 27, 2005, and filed with the Recorder of Summit County, Ohio on August 1, 2005 (the "Mortgage"). [A copy of the Mortgage is attached to this Court's Opinion as Appendix A.]

4

(5:09 CV 2520)

  6. On or about August 1, 2005, by Corporate Assignment of Mortgage, the Mortgage was assigned to Mortgage Electronic Registration Systems, Inc. ("MERS") and was filed with the Recorder of Summit County, Ohio on January 17, 2007. ("Assignment I"). Attached as Exhibit B to the Stipulations is an authentic and admissible copy of Assignment I. [A copy of Assignment I is attached to this Court's Opinion as Appendix B.]

  7. On or about February 3, 2009, the Mortgage was assigned to Bank of America and, on February 9, 2009, was filed with the Recorder of Summit County, Ohio ("Assignment II"). Attached as Exhibit C to the Stipulations is an authentic and admissible copy of Assignment II. [A copy of Assignment II is attached to this Court's Opinion as Appendix C.]

  8. Bank of America presently holds the Mortgage.

  9. The notary acknowledgment (the "Acknowledgment") on page 15 of the Mortgage does not identify the names of the persons who signed the Mortgage, and it does not identify the Debtors by name.

  10. The parties do not dispute that the Debtors signed the Mortgage in the presence of a member of the notary public [*sic*]. However, the Trustee disputes whether the Acknowledgment complies with the requirements of Ohio law regarding acknowledgments; whether the Mortgage is valid and enforceable under Ohio law; and whether the Mortgage was eligible to be recorded. Bank of America disputes whether the Mortgage can be avoided by the Trustee under 11 U.S.C. § 544.

(5:09 CV 2520)

C. <u>Findings of Fact by the Bankruptcy Court</u>:

In addition to the stipulated facts set forth above, the court made the following findings of fact based upon its review of the concededly authentic and admissible copy of the subject Mortgage attached as Exhibit A to the Stipulations:

1. The Mortgage was executed on what appears to be a pre-printed or typed form.

2. The Acknowledgment is on page 15 and is as follows:

> On this 27th day of July 2005, before me a Notary Public in and for said County and State, personally appeared
>
> _____
> _____
> _____
>
> IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

3. The Acknowledgment includes the notary's seal and signature.

4. There are initials on the bottom left hand corner of the Acknowledgment page. The initials appear to be those of the Debtors. [4]

## II. THE BANKRUPTCY COURT'S RULING

Applying Ohio law, the bankruptcy court first addressed the validity of the Mortgage and held it to be invalid because the acknowledgment clause was blank. The court rejected Bank of America's contention that the acknowledgment clause was in "substantial compliance" with the Ohio recording statutes because the Debtors' initials appear at the bottom of each page of the

---

[4] The Court having examined the Mortgage and having found the initials appearing at the bottom of each page of the Mortgage to be essentially identical, for purposes of this Opinion the Court assumes that the bankruptcy court found that the initials on the acknowledgment page (Page 15) were in fact those of the Debtors.

6

(5:09 CV 2520)

Mortgage including Page 15 which contains the acknowledgment clause. The court then reasoned that, because the Mortgage was defectively executed, it was not entitled to be recorded and must accordingly be treated as though it had not been recorded. Reasoning further that since an unrecorded mortgage does not provide constructive notice of the mortgage to a bona fide purchaser, such bona fide purchaser takes priority over the mortgage. Citing 11 U.S.C. § 544(a)(3) and *Zaptocky v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1027 (6th Cir. 2001), the court noted that in bankruptcy the trustee has the rights of a bona fide purchaser regardless of his actual notice of a mortgage. The court thus concluded that the Trustee was entitled to avoid the Mortgage.

The court next addressed Bank of America's position that, even if the Mortgage was not recordable, the Trustee had constructive notice (or at least "inquiry notice") of the Mortgage by virtue of Assignment I (*i.e.,* the assignment to MERS) which was properly executed and duly recorded. [5] Citing *Mellon Mortgage Co. v. Jones*, 54 Ohio App. 2d 45, 47-48 (Tenth Dist. 1977) and *Lyon v. Franklin Mortg. Funding (In re Shannon),* 343 B.R. 585 (Bankr. E.D. Ky. 2006), [6] the court held that Assignment I does not provide constructive notice to a bona fide purchaser. The court reasoned that, since the Mortgage was not entitled to be recorded, and since Assignment I falls after the Mortgage in the chain of title, Assignment I must be considered to be

---

[5] The court noted that Assignment II (from MERS to Bank of America) was not at issue because it was recorded after the Debtors filed for bankruptcy and therefore would not have provided notice to the Trustee. *See* ECF 35 at p. 11, fn. 5.

[6] The court found the Eastern District of Kentucky *In re Shannon* case to be persuasive authority since it addressed a factual scenario similar to the one in this case and since Kentucky and Ohio both follow the chain of title doctrine.

7

(5:09 CV 2520)

outside the chain of title and thus insufficient to provide constructive or inquiry notice to the Trustee.

### III. LAW AND ANALYSIS

A. <u>Standard of Review</u>:

Because all material facts are undisputed, this appeal presents questions of law only. Therefore, the standard of review is *de novo. Nicholson v. Isaacman (In re Isaacman),* 26 F.3d 629, 631 (6th Cir. 1994).

B. <u>Law Applicable to Summary Judgment Practice</u>:

Federal Civil Rule 56(c) provides that, if a party files a motion for summary judgment, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In the present case, the material facts are not disputed and the issues before the bankruptcy court were purely questions of law. The case was therefore an appropriate case for the court to entertain the Trustee's motion for summary judgment. Accordingly, on appeal, the Court need only address whether, based upon the undisputed material facts, the bankruptcy court properly decided that the moving Trustee was entitled to judgment as a matter of law.

C. <u>The Issues Presented for Appellate Review</u>:

The primary issue is whether the execution of the subject Mortgage substantially complied with the Ohio recording statutes. If so, then the Mortgage was entitled to record, at which point it served as constructive notice to a bona fide purchaser. Since the Trustee is

8

(5:09 CV 2520)

charged with constructive knowledge of the Mortgage (albeit not actual knowledge), the Trustee cannot successfully invoke the Bankruptcy Code's strong-arm provision to avoid the Mortgage.

If, however, the Court concurs with the bankruptcy court that the execution of the Mortgage was not in substantial compliance with the Ohio recording statutes, then the Court must address Bank of America's alternative position that the subsequent assignment (Assignment I) of the defectively executed Mortgage (which Assignment was undisputedly properly executed and recorded) was sufficient to provide the Trustee with the requisite knowledge that would prevent him from avoiding the Mortgage under the Bankruptcy Code's strong-arm clause.

Mindful that the Court must address these issues of law *de novo,* the Court will first address the second (assignment) issue and will then turn to the first issue of whether the execution of the Mortgage substantially complied with the Ohio recording statutes.

D. <u>The Effect of a Properly Recorded Assignment of a Defectively Executed Mortgage</u>:

For purposes of analyzing the assignment issue, the Court will assume that the execution of the Mortgage itself was not in substantial compliance with the Ohio recording statutes.

Bank of America argues that, even if the Mortgage was defectively executed, the subsequent and properly recorded Assignment of the Mortgage put the Trustee on either constructive notice or "inquiry notice" of Bank of America's interest in the property. The Court disagrees.

Under Ohio law, it has long been established that a defective deed is not entitled to record and, even if recorded, must be treated as unrecorded, which means it does not afford

9

(5:09 CV 2520)

constructive notice of the conveyance to all the world.  *See, e.g., Citizens National Bank in Zanesville v. Denison,* 165 Ohio St. 89 (1956); *Straman v. Rechtine,* 58 Ohio St. 443 (1898); *Amick v. Woodworth,* 58 Ohio St. 86 (1898); *Erwin v. Shuey,* 8 Ohio St. 509 (1858); *White v. Denman,* 1 Ohio St. 110 (1853).

This longstanding rule has been applied more recently as well.  *See, e.g., MERS v. Odita*, 159 Ohio App.3d 1, 5 (Tenth Dist. 2004) ("a defective mortgage is treated as though it has not been recorded").  Indeed, the *Odita* court held that a defectively executed, albeit recorded, mortgage was not entitled to priority over a subsequent mortgagee's properly executed and recorded mortgage, *even though the subsequent mortgagee had actual knowledge of the prior mortgage.  Id.* at 9.

In so holding, the *Odita* court acknowledged that its ruling may seem unfair given the actual knowledge of the subsequent mortgagee.  However, after a careful historical analysis of Ohio law upon the subject (*See Odita, Id.* at 9-10), the court explained:

> [A]lthough this court recognizes that the current ruling may seem intuitively unfair or inequitable to some observers, because there exists a significant line of authority supporting the ruling, we follow these precedents based upon stare decisis and to lend stability to future property transactions.

*Id.* at 10.

In summary, since the Court for the moment is assuming that the subject Mortgage was defectively executed, it appears that Ohio law is quite clear that the Court is bound to hold that the Mortgage must be treated as though it was not recorded, and that therefore it does not afford constructive notice of the Mortgage to all the world.

(5:09 CV 2520)

The Court must then address the question: What, then, is the effect of the properly executed and recorded *Assignment* of the presumptively defective Mortgage? The Court concurs with the bankruptcy court's conclusion that the Assignment did not operate to provide constructive notice of the Mortgage.

First, as the bankruptcy court noted, Ohio follows the chain of title doctrine, defined as follows:

> [T]he successive conveyances commencing with the patent from the government or some other source and including the conveyance to the one claiming title . . . . An instrument which is recorded, but which cannot be traced back to the original grant because some previous instrument connecting it to the chain of title is unrecorded, lies outside the chain of title . . . . The chain of title can be traced using the grantor-grantee index maintained by the local record of deeds, and in order for the recorded instrument to be effective as against subsequent purchasers and creditors, it must operate to give notice to those looking through the grantor-grantee index. . . . . A . . . stray instrument which merely appears in other indices, such as the tract index, does not operate to give constructive notice . . . .

Memorandum Opinion (ECF 1-1) at pp. 11-12 fn 6 (*quoting Lyon v. Franklin Mortg. Funding (In re Shannon),* 343 B.R. 585, 589 (Bankr. E.D. Ky. 2006).

Although there does not appear to be an Ohio case with facts identical to the facts in this case, the bankruptcy court reasoned that guidance on the assignment issue is provided in at least one Ohio case, to wit: *Mellon Mortgage Co. v. Jones,* 54 Ohio App. 2d 45 (Tenth Dist. 1977). The *Mellon* case involved the recording and subsequent assignment of a land contract, back in the days when land contracts were not recordable. The *Mellon* court held that the assignment of the land contract did not provide constructive notice of the vendee's interest to a bona fide purchaser because the land contract was not entitled to be recorded. The *Mellon* court reasoned:

11

(5:09 CV 2520)

> Since the land contract was not entitled to be recorded, any mortgage for the vendee's interest thereunder is also not entitled to be recognized for constructive notice as the instrument by which the contract is assigned or mortgaged stands necessarily upon the same grounds. *See Churchill v. Little* (1872) 23 Ohio St. 301. The reason, of course, is that the latter document would be outside the chain of title. Recognition of such a stray document would frustrate the purposes of the recording act.

*Id.* at 47-48.

The bankruptcy court also found persuasive the case of *Lyon v. Franklin Mortgage Funding (In re Shannon),* 343 B.R. 585 (Bankr. E.D. Kentucky 2006). *In re Shannon* was a bankruptcy case with facts quite similar to those in the present case. The *Shannon* bankruptcy court applied Kentucky law which, like Ohio law, follows the chain of title doctrine and does not permit a defectively executed mortgage to be recorded. The *Shannon* court held that an assignment of a defectively executed mortgage did not provide constructive or inquiry notice to a bona fide purchaser because the assignment fell outside the chain of title.

In the present case, the Court finds that the bankruptcy court properly applied the reasoning found in the *Mellon* and *Shannon* cases to hold that the assignment of the subject Mortgage is outside the chain of title and does not provide constructive or inquiry notice to the Trustee.

Bank of America has argued that, regardless of whether the subject assignment was outside the chain of title, the Court should find that the assignment did indeed provide constructive notice (or at least inquiry notice) to the Trustee as a hypothetical bona fide purchaser. For example, Bank of America points out that the Assignment at issue identifies the borrowers (i.e., the Debtors) by name and contains a cross reference to the Recorders' Office

12

(5:09 CV 2520)

Instrument Number of the subject Mortgage.  Thus Bank of America suggests that the assignment is "logically connected" to the chain of title and provides at least inquiry notice of the Mortgage.  Bank of America also suggests that the need for strict adherence to the chain of title doctrine has been obviated by modern day computerization of the indices in the recorder's office:

> In many counties that computerized their land record index . . . the programs used permit searching title either by tract or grantor or grantee's last name (as well as type of instrument, date or other classifications).  These computer programs therefore cure the inability of the former grantor/grantee indices to uncover "wild" or "stray" instruments that are recorded against the land, but not connected to a record grantor or grantee's chain of title.  Since a computerized tract index can reveal such instruments, subsequent purchasers and mortgagees should be held to at least inquiry notice of the claims against land that they disclose.

Brief of Appellant (ECF 6) at p. 16 (quoting 1 Patton on Land Titles § 69 (3rd ed.)).

While Bank of America's position arguably makes sense to some degree, the Court finds two problems with it.  First, under the Bankruptcy Code's strong-arm clause found at 11 U.S.C. § 544(a), the Trustee is charged with constructive notice only; he is not charged with either inquiry notice or actual notice.  Second, as to the question of what should be the impact of computerized recorder's office indices, it is a question perhaps appropriately put to the Ohio legislature.  This Court, however, must apply the existing law of the state of Ohio, which is a grantor-grantee index state that follows the chain of title doctrine as set forth above.

In addition, as the Trustee has noted, an assignment operates merely to transfer ownership of the assignor's interest – whatever that interest may be.  In the present case, when the assignor Argent Mortgage (the original mortgagee) assigned the defective Mortgage to MERS, MERS became the owner of the defective Mortgage.  As the Trustee has put it:

13

(5:09 CV 2520)

> At best, the Assignment gave notice that the original mortgagee's interest was assigned to a different party. The Assignment did not grant any greater interest than the original mortgage. It is still the <u>same mortgage</u>, the <u>same amount</u>, and the <u>same priority</u> as relates to other creditors. Only the owner of the defective mortgage is changed by the assignments, not the validity of the mortgage itself.

Brief of Appellee (ECF 7) at p. 15 (emphasis in original).

For the reasons set forth above, the Court concurs with the bankruptcy court that an assignment of a defectively executed mortgage does not provide constructive notice of the mortgage to a bona fide purchaser; and that, assuming the Mortgage in this case to have been defectively executed, the Assignment of the Mortgage did not provide constructive notice of the Mortgage to the Trustee. [7]

The Court will now turn to the first issue presented in this appeal: the validity of the Mortgage.

E.   <u>The Effect of the Execution of the Subject Mortgage Upon the Validity of the Mortgage</u>:

The primary issue in this appeal is whether the execution of the subject Mortgage substantially complied with the Ohio recording statutes. As to this issue, the Court is confronted with some difficulty in applying Ohio law since the particular facts of the case appear to present a case of first impression.

---

[7] The bankruptcy court did not address Bank of America's argument that, under the decision in *In re Periandri,* 266 B.R. 651, 658 (B.A.P. 6th Cir. 2001), a trustee's constructive knowledge of a prior equitable interest (such as that which results from a defectively executed mortgage) is sufficient to thwart the trustee's strong-arm powers. The Court finds that *Periandri* has no application to the present case. *Periandri* merely held that lis pendens can serve as one form of constructive notice to a bona fide purchaser. There was no lis pendens in the present case. In addition, an equitable interest in property is invalid against a bankruptcy trustee. *See, e.g., In re Anderson,* 266 B.R. 128, 135 (Bankr. N.D. Ohio 2001).

(5:09 CV 2520)

First, of course, since the Mortgage encumbers real property located in Ohio, the validity of the Mortgage is governed by Ohio law.  *See Watson v. Kenlick Coal Co., Inc.,* 498 F.2d 1183, 1190 (6th Cir. 1974).  Ohio Rev. Code § 5301.01 sets forth three requirements for proper execution of a mortgage: (1) the mortgagor must sign the mortgage deed; (2) the mortgagor must acknowledge his signature before a notary public or other designated official; and (3) the notary or other official must certify the acknowledgment and subscribe his name to the certificate of acknowledgment.

Under Ohio Rev. Code § 147.541, a certificate of acknowledgment will be recognized if it contains the words "acknowledged before me" or their substantial equivalent.  The term "acknowledged before me" means that:

> (A) The person acknowledging appeared before the person taking the acknowledgment; (B) He acknowledged he executed the instrument; (C) In the case of: (1) A natural person, he executed the instrument for the purposes therein stated.  *Id.*

For "an individual acting in his own right," Ohio recognizes the following form of acknowledgment (although other forms are not precluded):

> State of ........................
> County of ........................
> The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged [*sic* – should read "acknowledging"]).
> (Signature of person taking acknowledgment)
> (Title or rank)
> (Serial number, if any)

Ohio Rev. Code § 147.55(A).

In the present case, because the names of the Debtors (*i.e.,* the "persons acknowledging") were not set forth in the acknowledgment clause, the bankruptcy court concluded that the

15

(5:09 CV 2520)

mortgage was invalid under Ohio law, citing the longstanding case of *Smith's Lessee v. Hunt,* 13 Ohio St. 260 (1844) and noting that *Smith's Lessee* is still good law and has been followed in a number of more recent decisions such as *Helbling v. Mortgage Electronic Registration Systems, Inc., (In re Cala),* 2008 WL 2001761) (Bankr. N.D. Ohio May 6, 2008); and *Reiser v. Fifth Third Mortgage Co. (In re Wahl),* 407 B.R. 883 (Bankr. S.D. Ohio 2009).  The bankruptcy court further concluded, citing *Bozman v. Universal 1 Credit Union, Inc. (In re Bozman),* 365 B.R. 824 (Bankr. S.D. Ohio 2007), that the absence of the Debtors' names in the  acknowledgment clause is not a defect that can be overcome by the doctrine of substantial compliance.

The bankruptcy court duly recognized the existence of Ohio's "substantial compliance" doctrine; and it noted that a mortgage execution is valid if it substantially complies with Ohio Rev. Code § 5301.01.  The court next recognized that in order to determine whether or not a mortgage execution substantially complies with §5301.01, a reviewing court should consider "the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.'" (quoting *Menninger v. First Franklin Financial Corp. (In re Fryman),* 314 B.R. 137 (Bankr. S.D. Ohio 2004) (quoting *Dodd v. Bartholomew,* 44 Ohio St. 171 (1886)).

In the *In re Fryman* case, the husband-and-wife borrowers had initialed each page of the mortgage, but the acknowledgment clause was blank as to the borrower husband.  The *Fryman* bankruptcy court upheld the mortgage, relying upon *Dodd v. Bartholomew, supra.*

As the bankruptcy court noted, there are several Ohio cases in which acknowledgment clauses containing *incorrect* names have been found to be in substantial compliance; but

16

(5:09 CV 2520)

(notwithstanding the result in the federal *In re Fryman* case) no Ohio case where a *blank* acknowledgment clause has been found to be in substantial compliance.

For example, in *Dodd v. Bartholomew, supra,* the acknowledgment clause contained the wrong middle initial of the husband debtor and the wrong first name of the wife debtor. Held: acknowledgment not defective. For another example, in *Mid-American National Bank & Trust Co. v. Gymnastics International,* 6 Ohio App. 3d 11 (Sixth Dist. 1982), motion to certify overruled, Case No. 82-767 (June 30, 1982), the acknowledgment clause contained the name of the grantor corporation instead of the persons acknowledging on the corporation's behalf. The court held the acknowledgment clause to be in substantial compliance based upon the following principle of interpretation:

> 'In aid of the certificate of acknowledgment reference may be had to the deed or to any part of it; and every reasonable intendment should be made to its support. If from the face of the deed, including the certificate of acknowledgment, there is no doubt as to what was done, which was in accordance with the requirements of the statute, the acknowledgment should be held valid.'

*Gymnastics International, supra, Id.* at 13 (quoting 7 Thompson on Real Property (1962) 611, Section 3314).

Last but not least, in the (albeit unreported) case of *Administrator of Veterans Affairs v. City Loan Co.,* 1985 WL 9128 (Ohio Ct. App. Third Dist. 1985), the court found substantial compliance even in a situation where the acknowledgment clause contained the *mortgagee's* name instead of the *mortgagor's* name.

In the *Denison* case, *supra*, the Supreme Court of Ohio explained the purpose and effect of acknowledgments in general:

17

(5:09 CV 2520)

> 'The acknowledgment of a deed is required by statute chiefly for the purpose of affording proof of the due execution of the deed by the grantor, sufficient to authorize the register of deeds to record it. The statutes in general declare that a deed shall not be admitted of record unless it is acknowledged or proved by attesting witnesses in the mode prescribed. A deed without acknowledgment, or defectively acknowledged, passes the title equally with one acknowledged, as against the grantor and his heirs; but without an effectual acknowledgment a deed can not be recorded so as to afford notice of the conveyance to all the world. *** Acknowledgment is a prerequisite to recording the deed and making it constructive notice of all the facts set forth in it. The record of a deed without acknowledgment or proof as prescribed by statute does not afford constructive notice of it. In like manner, the record of a deed defectively acknowledged by the parties does not impart constructive notice. The validity of a deed at common law did not depend on its acknowledgment; and where acknowledgment is required, its object is the protection of creditors and purchasers.'

*Denison, supra,* 165 Ohio St. at 94 (quoting 7 Thompson on Real Property (Perm. Ed.), 416).

In other words, the purpose of the statutory acknowledgment requirement is to provide some reasonable assurance that the true property owner is the person who signed a deed of conveyance. Given that purpose, and considering the "incorrect name" cases in which the Ohio courts have found substantial compliance with the statutory requirement, the Court concludes that an incorrect name in the acknowledgment clause may sometimes provide less assurance of the instrument's genuineness than if the acknowledgment clause had been left blank as it was in the present case.

Bank of America suggests that when the Court is considering the issue of whether the subject Mortgage is in substantial compliance with the recording statutes, the pertinent question to ask is: "Who did the acknowledging?" Citing *Gregory v. Ocwen Federal Bank (In re Biggs),* 377 B.R. 515, 519 (6th Cir. 2004), which applied Tennessee law to invalidate an instrument with a faulty acknowledgment clause, Bank of America states that Ohio courts have applied a more

(5:09 CV 2520)

relaxed standard than the Tennessee courts (upon which the *Biggs* Court relied) in determining whether an acknowledgment substantially complies with the Ohio recording statutes. Bank of America notes that the *Biggs* court, while invalidating the instrument before it, nonetheless emphasized that the purpose of the acknowledgment requirement is to enable a prospective purchaser to examine a deed and determine whether the true property owners signed it.

In the present case, it is undisputed that the Debtors were the true property owners; that they signed the Mortgage on Page 14 thereof; that they initialed every other page of the Mortgage including the acknowledgment page (Page 15); that the acknowledgment clause is the only text on that page; and that the acknowledgment clause states that "the individual(s) who executed the foregoing instrument" appeared before the notary and "acknowledged that he/she/they did examine and read the same and did sign the foregoing instrument, and that the same is his/her/their free act and deed." These circumstances, Bank of America submits, permit the reasonable inference that the Debtors were the persons doing the acknowledging.

Bank of America has summarized its position as follows:

> The case law in the area of improperly executed mortgages is very well developed in the Bankruptcy Courts in Ohio. Almost universally those Courts have voided mortgages where the acknowledgment clause is blank.
>
> This mortgage contains a blank acknowledgment. The distinction here is that the borrowers initialed the acknowledgment page. That act, we propose, takes this case out of the "definitely fatal" category and moves it to the "substantial compliance" category. In other words, closer to *Fryman* and *Dodd* and away from *Smith's Lessee.*

Brief of Appellant (ECF 6) at p. 22.

19

(5:09 CV 2520)

## IV. CONCLUSION

This case presents the Court with the duty to make a very close call as to whether the execution of the subject Mortgage was in substantial compliance with the Ohio recording statutes. The Court has been well briefed by the parties, and the Court commends counsel for their fine efforts. While the Court is of the view that the "substantial compliance" argument has a certain appeal to the Court, in the long run the Court concurs with the bankruptcy court's reasoning as follows:

> It is not for the bankruptcy courts to cure documentation issues, such as a blank mortgage acknowledgment, that have been identified by Ohio case law for well over one hundred and fifty years. *See Smith's Lessee,* 13 Ohio 260 (1844). Mortgage lenders and the individuals they employ to document mortgages must pay particular attention to long standing documentation requirements. Those lenders who fail to do so must suffer the consequences of execution mistakes. The Ohio Legislature took action after the decision in *Zaptocky v. Chase Manhattan Bank (In re Zaptocky)* to provide relief to lenders with respect to the *witness* requirement for a validly executed mortgage. O.R.C. § 5301.01 (B)(1). That statutory change did not, however, provide absolution to mortgage lenders to ignore the other execution requirements under Ohio law.

Memorandum Opinion (ECF 1-1) at pp. 11-12 (emphasis added; internal footnote omitted).

The Judgment below will be affirmed by separate judgment entry filed contemporaneously herewith.

IT IS SO ORDERED.

| | |
|---|---|
| February 2, 2010 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |